UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Foad Farahi, )<br>)<br>    2681 North Flamingo Road )<br>    Apartment #S1006 )<br>    Sunrise, FL 33323 )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>Federal Bureau of Investigation, )<br>)<br>    U.S. Department of Justice )<br>    935 Pennsylvania Avenue, NW )<br>    Washington, DC 20530-0001 )<br>)<br>    Defendant. )<br>_____) | Civil Action No.: 1:15-cv-02122 |

**COMPLAINT FOR INJUNCTIVE RELIEF**

1.    This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, for injunctive and other appropriate relief, seeking the release of agency records improperly withheld from Mr. Foad Farahi (Plaintiff) by the Federal Bureau of Investigation (FBI), a component of the United States Department of Justice (USDOJ). Plaintiff is requesting records that are essential to the effective representation of Plaintiff's interests as a respondent in federal immigration removal proceedings initiated by the Department of Homeland Security (DHS). Plaintiff has requested these same documents from the DHS through discovery in immigration court, and DHS has denied that request, arguing that a FOIA request to the FBI is the only mechanism through which Plaintiff may obtain these records. Plaintiff therefore seeks this

1

Court's intervention to ensure that the FBI complies with its obligations under FOIA to produce the records requested.

## Jurisdiction and Venue

2. This court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

3. Plaintiff is an Iranian national and is married to a U.S. citizen (USC), who has sponsored him for lawful permanent resident status. He has resided in the United States for 21 years, and currently lives in Sunrise, Florida. Plaintiff is in immigration removal proceedings for an alleged visa overstay.

4. Defendant FBI is a component of the USDOJ, and is an agency within the meaning of 5 U.S.C. § 552(f)(1).

## Factual Allegations

5. The Department of Homeland Security (DHS) placed Plaintiff in federal removal proceedings by issuing a Notice to Appear on October 10, 2002. DHS alleges that Mr. Farahi is removable from the United States pursuant to 8 U.S.C. § 1227(a)(1)(B) as a foreign national who remained in the United States for a time longer than initially permitted (i.e., a "visa overstay").

6. On February 14, 2012, Plaintiff married his USC wife. On April 25, 2012, Plaintiff's wife filed a Form I-130, Petition for Alien Relative, with U.S. Citizenship and Immigration Services (USCIS), the federal agency within DHS that has exclusive jurisdiction to adjudicate said petition. On September 28, 2013, USCIS determined that Plaintiff's marriage to his spouse is bona fide and issued a Notice of Approval of Relative Petition.

7. Based on USCIS's approval of the spousal visa petition, Plaintiff filed an application for adjustment of status with the Miami Immigration Court on October 13, 2013. If the Court approves Plaintiff's application for adjustment of status, he will obtain lawful permanent resident status, and accordingly he will not be removable from the United States (notwithstanding his alleged visa overstay).

8. The Miami Immigration Court originally scheduled Plaintiff's individual merits hearing for April 15, 2014. After two continuances, on May 1, 2015, DHS filed a request for a full day hearing, and included a witness list in its filing, as well as additional documentary evidence regarding Plaintiff's alleged associations with individuals and organizations in the Muslim community.

9. Among the documents submitted, DHS included a memorandum on FBI letterhead dated April 24, 2007 (hereinafter "the FBI Memorandum"), which contained summaries of law enforcement contact with confidential informants and persons believed to have been associated with Plaintiff from 2003 to 2007. The witness list also identified FBI Supervisory Special Agent Andrew Lenzen ("Special Agent Lenzen") as a witness for the government at Plaintiff's merits hearing.

10. On May 12, 2014, Plaintiff filed with DHS a written request for discovery to request, among other things, information regarding the FBI Memorandum DHS had introduced into the record, as well as information concerning interviews and materials referenced in the report. Because these materials are necessary to afford Plaintiff a fair opportunity to rebut allegations and statements contained within the FBI report, Plaintiff requested a continuance of his merits hearing pending DHS's production of the evidence.

11. On May 22, 2014, DHS refused to respond to Plaintiff's discovery demands. Among other bases for refusing to respond, DHS argued that the material subject to the request was owned by other agencies, including the FBI.

12. At the prehearing conference before the immigration judge on June 24, 2014, Plaintiff orally renewed his May 12, 2014, discovery request. DHS again opposed, arguing that the immigration court lacked authority to order such discovery, and that Plaintiff should pursue a FOIA request if he wished to obtain rebuttal evidence from the FBI for use in his immigration case. Based on the parties' arguments, the immigration court continued Plaintiff's removal proceedings until November 20, 2014, to afford him an opportunity to file a FOIA request with the FBI.

13. On June 28, 2014, Plaintiff submitted a detailed FOIA request to Defendant's FOIA unit. The FOIA request asked the FBI to produce the following information:

> 1. The name, title, current deployment jurisdiction, and current contact information of the author or authors of the FBI Letterhead Memorandum dated April 24, 2007 (hereinafter "the 2007 Memo") whether from the FBI's Miami and/or Tampa Field Offices, including the Miami Field Office special agent/polygrapher who examined Mr. Farahi on November 8, 2004, and those who interviewed him on November 1, 2004, at his residence in Miami Beach, Florida.
>
> 2. Any and all FBI's FD-302 interview reports, and FD-209 reports regarding Mr. Farahi, any person discussed in any document that has been or will be presented to the immigration court, or any person that will be discussed in the proposed testimony by Supervisory Special Agent Andrew Lenzen ("Special Agent Lenzen"), and/or any other special agents during the course of Mr. Farahi's removal proceedings.
>
> 3. The full and complete names and contact information, including, current address and phone numbers of all the confidential informants referred to by the FBI on its 2007 Memo, and identified as C-1, C-2, C-3, C-4, C-5, and the Trinidad and Tobago National interviewed by the FBI in Port of Spain Trinidad, on November 13, 2003.

4. Any and all evidence and/or information gathered in connection with Mr. Farahi as a result of the FBI's electronic surveillance, including but not limited to audio, video, computer, wireless, polygraph examination and/or data network surveillance;

5. Any and all evidence and/or information gathered in connection with Mr. Farahi and his alleged associations with the filing organizations in the United States: KindHearts for Charitable Humanitarian Development, Kind Hearts International, the Holy Land Foundation for Relief and Development, and the Global Relief Foundation.

6. Any and all records from other agencies in the possession of FBI whether included in Mr. Farahi's file, such as the U.S. Department of Treasury; the U.S. Citizenship and Immigration Services, the U.S. Immigration and Customs Enforcement, the Internal Revenue Service ("IRS"), and the Florida Department of Highway Safety and Motor Vehicles;

7. All documents maintained by FBI or any other government agency, including the Joint Terrorism Task Force ("JTTF"), that names, mentions, discusses, or addresses in any manner whatsoever Mr. Farahi or persons allegedly associated with him.

8. All documents, pursuant to the Jenks Act, in the FBI's possession regarding Mr. Farahi or any person alleged to have a relationship with him whom the government regards as a terrorist.

9. Any and all exculpatory evidence regarding Mr. Farahi or persons allegedly associated with him.

10. A list of any and all documents released from the FBI to the OCC in Miami, Florida, that names, mentions, discusses, or addresses in any manner whatsoever Mr. Farahi or persons allegedly associated with him.

**Defendant FBI's Failure to Timely Comply with Plaintiff's Request**

14. Defendant responded to the FOIA request by form letter on July 8, 2014, indicating only that (1) the request had been received for processing; (2) that the Central Records System was being searched; (3) that the request for a fee waiver was being considered; and (4) that the request could be tracked online using the tracking number 1376672-00.

15. The FBI sent another letter on August 6, 2014 (more than 20 working days after the original request), indicating that the FBI had "located approximately 10,750 pages of records and 80 CDs consisting of audio and video potentially responsive to the subject of [Plaintiff's] request" and that the duplication fees for the potentially responsive information would be $320 (electronic version of the paper records) and $1,200 (electronic version of the audio and video files).

16. On August 14, 2014, Plaintiff submitted a written response to Defendant, including two checks in the amounts of $320 and $1,200 to cover the expenses incurred in producing the information discussed in the August 6, 2014, letter. On August 18, 2014, Defendant returned Plaintiff's checks indicating that "[a]t this time no duplication fees are owed."

17. On November 20, 2014, Plaintiff appeared before the immigration court and provided evidence of FOIA filings with Defendant. Plaintiff renewed his request for DHS to produce the documentation being sought from Defendant under FOIA. DHS, however, opposed Plaintiff's request. The immigration judge continued Plaintiff's case.

18. On December 3, 2014, Defendant's representative contacted Plaintiff's immigration attorney by phone and stated that the FOIA request had not yet been assigned for processing, so additional delays were expected. The representative also asked whether Plaintiff would agree to reduce the scope of the FOIA request to expedite processing. Plaintiff, through counsel, declined to modify the scope of his request, because all the documents requested are relevant to representing Plaintiff's interests in removal proceedings.

19. On September 10, 2015, Plaintiff appeared before the Miami Immigration Court for his individual merits hearing. Because the FBI had still failed to respond to the FOIA request,

Plaintiff requested that the immigration judge exclude the FBI Letterhead Memorandum and any proposed testimony from Special Agent Lenzen. The immigration judge continued Plaintiff's individual hearing until March 31, 2016, in order to give him more time to receive the documents requested from the FBI.

20. On November 4, 2015, the FBI sent another letter to Plaintiff's attorney, advising only that the FOIA request has been assigned to an analyst. Again, the FBI offered no information regarding the scope of documents to be produced or the scope of documents to be withheld.

21. Plaintiff has constructively exhausted his administrative remedies with respect to his FOIA request to Defendant. To date, Defendant has not provided the records requested, notwithstanding the FOIA's regulatory requirement of an agency response within twenty (20) working days.

22. Defendant was required to, in the relevant time frame, "at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180, 186 (D.C. Cir. 2013). Defendant has to date failed to satisfy this requirement.

23. Defendant has not provided Plaintiff with any information about the scope of documents it intends to provide or withhold, other than estimating that 10,750 pages of potentially responsive documents and around 80 audio and video CDs may be available. In fact, had Defendant provided information about the scope of documents requested, Plaintiff would have been able to meaningfully narrow the scope of his request.

## Cause of Action
### (Violation of Freedom of Information Act)

24. The allegations set forth in paragraphs 1 through 23 above are repeated and re-alleged as though fully set forth herein.

5 U.S.C. § 552(a)(6)(A) states that:

Each agency, upon request for records made . . . shall . . . determine within twenty days . . . after receipt of any such requests whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefore, and of the right of such person to appeal to the head of the agency any adverse determination; and . . . make a determination with respect to any appeal within twenty days . . . after the receipt of such appeal.

25. Defendant has wrongfully withheld the requested records from Plaintiff by failing to comply with the applicable time limits under the FOIA.

### Requested Relief

WHEREFORE, Plaintiff prays that this Court:

A. Order Defendant to disclose the records Plaintiff has requested and make copies available to Plaintiff;

B. Provide for expeditious proceedings in this action;

C. Award Plaintiff his costs and reasonable attorney's fees incurred in this action; and

D. Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Charles Swift
Charles Swift, Esq.
Constitutional Law Center for Muslims in America
833 East Arapaho Road, Suite 102
Richardson, Texas 75081
Phone: (972) 914-2507
District of Columbia Bar Number: 987353

8