UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                           )
**FOAD FARAHI**                                     )
                                                           )
      **Plaintiff**                                )
                                                           )      Civil Action No. 15-2122 (RBW)
      v.                                              )      (ECF)
                                                           )
**FED. BUR. OF INVESTIGATION.**       )
                                                           )
      **Defendant.**                           )
_____)

### MOTION FOR AN ORDER PRESERVING CERTAIN EXEMPTIONS, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Pursuant to Fed. R. Civ. P. 42 and the inherent power of the Court, Defendant Federal Bureau of Investigation ("FBI") seeks an order permitting it to move for summary judgment based on the applicability of 5 U.S.C. § 552(b)(7)(A) to certain records covered by that exemption without waiving any allegation or claim that those records are exempt from release for other reasons. Pursuant to LCvR 7(m), the undersigned conferred with Plaintiff's counsel and he does not consent to this request.

### BACKGROUND

Plaintiff filed this action under the Freedom of Information Act ("FOIA") pertaining to a request that he submitted to the FBI on June 28, 2014, "for records that are essential to the effective representation of Plaintiff's interest as a respondent in a federal immigration removal proceeding initiated by the Department of Homeland Security ["DHS"]." ECF No. 1 at 1, ¶ 1; *id*., ¶ 13 (setting forth ten subparagraphs of documents requested). The FBI has conducted a search for the records that returned "approximately 11,000 pages of responsive material." Declaration of David M. Hardy, Esq., attachment 1, ¶ 25 (hereinafter "Hardy Decl."), ¶ 1; *see also* ECF No. 1 at 7, ¶ 23

("Defendant has…estimate[ed] that 10,750 pages of potentially responsive documents and around 80 audio and video CDs may be available."). Plaintiff alleges that the documents are relevant to removal proceeding instituted against him wherein DHS sought to rely on "a memorandum…which contained summaries of law enforcement contacts with confidential informants and persons believed to have associated with Plaintiff from 2003-2007" and a witness list included an FBI Supervisory Special Agent. ECF No. 1 at 3, ¶ 9. By letter dated July 8, 2014, FBI acknowledged receipt of Plaintiff's FOIA request and conducted an initial search after which FBI conferred with Plaintiff about limiting the scope of his request. Hardy Decl., ¶¶ 5-12. Subsequently, Plaintiff commenced this action on December 8, 2015, *id*., and the FBI conducted another search for records, which returned the same records as the search conducted during the administrative phase. *Id*. at 7, ¶ 21.

For both, the FBI searched its Central Records System ("CRS"), which "is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general filed compiled and maintained by the FBI in the course of fulfilling its integrated missions and functions as a law enforcement, counterterrorism, and intelligence agency…." *Id*. at 4-5, ¶13. The CRS's "general indices…are the index or 'key' to locating records" within the CRS that "are arranged in alphabetical order and comprise an index on a variety of subject matters to include individuals, organizations, events, or other subject of investigative interest that are indexed for future retrieval." *Id*. at 4, ¶ 15. The general indices are made up of main or reference entries. *Id*. The Automated Case Support ("ACS") is an electronic, integrated case management system that contains "over 105 million CRS records" and the Universal Index application enables searches in ACS [] capable of locating FBI records well before its 1995 implementation to the present day in both paper and electronic format." *Id*. at 6, ¶ 18. Sentinel is "FBI's next generation case

management system that became effective FBI-wide on July 1, 2012." *Id*.

"Upon receipt of Plaintiff's request, [FBI] conducted a CRS index search for responsive records employing the UNI application of ACS and [] Sentinel…using…'Foad Karim Farahi'" and phonetic matches. *Id*. at 7, ¶ 21, n4. The search returned on main file indexed to Plaintiff's name and cross-references "the release of which could reasonably be expected to interfere with pending law enforcement proceedings. The Plaintiff is currently the subject of a federal immigration removal proceeding initiated by [DHS] and is also the subject of active and pending investigation(s). As a result, the FBI is categorically denying access to these records under FOIA Exemption (b)(7)(A) because the production of such records could reasonably be expected to interfere with law enforcement proceedings." *Id*. at 8, ¶ 23. "The process of reviewing Exemption 7(A) material for additional underlying exemptions transforms the review process from categorical document-by-document review, to a much lengthier page-by-page review to identify additional, underlying exemptions for assertion despite the blanket coverage of Exemption 7(A)." *Id*. at 9, ¶ 24.

## **ARGUMENT**

In a FOIA action, "the agency bears the burden of justifying its decision to withhold requested information." *King v. U.S. Dep't of Justice*, 830 F.2d 210, 217 (D.C. Cir. 1987). "The agency may meet this burden by filing affidavits describing the material withheld and the manner in which it falls within the exemption claimed." *Id.* Exemption 7(A) permits an agency to withhold "records or information compiled for law enforcement purposes," provided that their disclosure "could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A); *see also Sussman v. U.S. Marshals Service*, 494 F.3d 1106, 1114-15 (D.C. Cir. 2007).

In the present case, the FBI plans to rely on Exemption 7(A) as grounds to withhold certain documents from release.  *See* Hardy Decl. ¶¶ 23-27.  The FBI believes that, at the summary judgment stage, the Court will uphold the agency's withholdings under Exemption 7(A).  Nonetheless, the FBI seeks to preserve its ability to argue that the records are exempt from release − in whole or in part − under other FOIA exemptions, in the event that the factual basis for the assertion of Exemption 7(A) lapses or the Court rejects the FBI's legal position.  Accordingly, and out of an abundance of caution, the FBI seeks an order preserving its right to assert additional FOIA exemptions.  Such an order is entirely consistent with the law of this Circuit, and would lead to a timely and fair resolution of the issues raised in this action.

In *Maydak v. U.S. Dep't of Justice*, the defendant agency relied on Exemption 7(A) to withhold certain records pertaining to then-pending criminal proceedings.  218 F.3d 760, 762 (D.C. Cir. 2000).  After the District Court granted the agency's motion for summary judgment and while the case was on appeal, the criminal proceedings concluded, thereby mooting the applicability of Exemption 7(A) to the requested records.  *Id.* at 764.  The agency sought remand to the district court to allow it to assert additional FOIA exemptions.  Denying the motion and ordering the release of all responsive records, the Court stated *in dicta*: "We have plainly and repeatedly told the government that, as a general rule, it must assert all exemptions at the same time, in the original district court proceedings."  *Id.*  Courts have explained that *Maydak's* "general rule" does not preclude an agency from raising additional FOIA exemptions while a case remains pending in district court.  *See, e.g., Sussman*, 494 F.3d at 1118 (explaining that a court may consider an exemption first raised in a "subsequent motion for reconsideration" because "[w]e have in the past permitted agencies to escape summary judgment in FOIA cases based on evidence first submitted on motions for reconsideration"); *Lazaridis v. Dep't of Justice*, 713 F.

Supp. 2d 64, 70 n.7 (D.D.C. 2010) (rejecting the plaintiff's *Maydak* waiver argument when resolution of a motion to dismiss "d[id] not end the case"); *Sciba v. Bd. of Governor of Fed. Reserve Sys.*, No. 04 Civ. 1011 (RBW), 2005 WL 758260, at *1 (D.D.C. Apr. 1, 2005) ("[A] fair reading of [*Maydak*] leads to the conclusion that the exemption only need be raised at a point in the district court proceedings that gives the court an adequate opportunity to consider it."); *cf. Cuban v. SEC*, 795 F. Supp. 2d 43, 61-63 (D.D.C. 2011) (concluding that information was properly withheld pursuant to Exemption 3 even though the agency did not invoke Exemption 3 until its motion for reconsideration).1

Although *Maydak* would not necessarily foreclose the FBI's assertion of additional FOIA exemptions at a later stage in this district court litigation, out of an abundance of caution the agency seeks an order preserving its right to invoke and justify exemptions other than 7(A). *See* U.S. Department of Justice, Office of Information and Privacy, Freedom of Information Act Guide, 1043 (Mar. 2007) ("[The] prudent course of action [is] to obtain the court's permission to raise the threshold defense first in order to specifically reserve the right to invoke the remaining exemptions at a later date, if necessary."). The FBI's motion reflects a procedure commonly employed by district courts in this Circuit as a means to promote judicial economy and the speedy and just resolution of FOIA matters. *See, e.g., Pub. Investors Arbitration Bar Ass's v. SEC*, Civil Action No. 11-2285 (BAH), Minute Order (D.D.C. July 16, 2012) (granting defendant's request to move for summary judgment on Exemption 8 without waiving any allegation that records are exempt from release under other FOIA exemptions); *Ciralsky v. CIA*, Civil Action No. 00-1709

---

1   *Maydak's* specific holding is not the "general rule" that is often referred to, but that FOIA "says nothing that would indicate that Exemption 7(A) is so unique" that the Government can invoke it alone or invoke other exemptions in a "cursory, equivocal, and inconsistent" manner" while also relying on 7(A).  218 F.3d at 765-66.

(RWR), Minute Order (D.D.C. Aug. 8, 2005) (granting defendant's request to move for summary judgment on Exemption (b)(1) without waiving any allegation that records are exempt from release under other FOIA exemptions). Indeed, the D.C. Circuit authorized a similar procedure in *United We Stand America, Inc. v. IRS*, 359 F.3d 595, 598, 605 (D.C. Cir. 2004), in which the Court remanded a FOIA case to the district court to allow a defendant agency to assert certain exemptions that it had not previously asserted. The Court concluded that the agency had reserved its right to assert these additional exemptions through its district court filings, in which it stated, "[s]hould the Court determine that the documents in question constitute agency records for purposes of the FOIA . . . the defendant reserves the right, pursuant to the statute, to assert any applicable exemption claim(s), prior to disclosure, and to litigate further any such exemption claims." *Id.* Here, rather than assuming that additional exemptions would be preserved, as did the agency in *United We Stand*, the FBI seeks an order authorizing its planned processing.

Here, the FBI seeks "an order permitting it to move for summary judgment based on the applicability of Exemption 7(A) without waiving its ability to assert additional FOIA exemptions in the future. Hardy Decl. at 9, ¶ 25. If the Court is inclined to grant this request, FBI proposes that it be allowed to release segregable records to the Plaintiff every eight (8) weeks beginning August 1, 2016, and to identify all records for categorical withholding under Exemption 7(A) by September 1, 2017, and an additional thirty (30) days until October 1, 2017, to prepare and file the *Vaughn* declaration[2] fully explaining its assertion of 7(A).[3] *Id*. at 9-10, ¶ 25. If the Court is inclined to deny this motion, then an additional fifteen month until December 1, 2018, will be need

---

  2    *See Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973).

  3    On May 2, 2016, FBI released segregable material to Plaintiff consisting of a letterhead memorandum and polygraph examination results as well as public source material such as newspaper articles. Hardy Decl. at 10, ¶ 25.

Case 1:15-cv-02122-RBW   Document 13   Filed 06/08/16   Page 7 of 10

to complete review and processing of responsive record and to assert all applicably underlying exemptions plus additional time until 2019 to prepare and file the *Vaughn* declaration detailing Exemption 7(A) and each underlying FOIA exemption. *Id*. at 10, ¶ 26. The records must undergo a page-by-page review to identify and assert all underlying FOIA exemptions. *Id*.

The proposed relief would benefit both the parties, as well as the Court, by promoting judicial economy, preserving agency resources, and ensuring the speedy and efficient resolution of this matter. Indeed, it would not be an efficient use of either the parties' or the Court's resources to require the FBI to prepare a motion justifying the non-7(A) exemptions until the protection afforded by Exemption 7(A) has lapsed or is rejected. "[W]ithout the requested order, the records will require a classification review to identify any and all FOIA Exemption (b)(1) issues." *Id*. Moreover, if the Court denies this motion, the time it will take for the FBI to process and produce to Plaintiff any responsive, non-exempt documents will drastically increase by more than a year. As explained in the accompanying Hardy Declaration, "[t]he process of reviewing the Exemption 7(A) material for additional underlying exemptions transforms the review process from a categorical document-by-document review, to a much lengthier page-by-page review to identify additional, underlying exemptions for assertion despite the blanket coverage of Exemption 7(A)." Hardy Decl. ¶ 24. If this motion is denied, the FBI would have to justify additional – and likely superfluous – exemptions by (1) reviewing each page of every document to determine exactly what documents, or portions thereof, are responsive to plaintiffs' FOIA request; (2) determining, for responsive information, whether that information is protected by an exemption in addition to Exemption 7(A); and (3) preparing a *Vaughn* index comprehensively detailing all possible exemptions for each document. The FBI estimates that these additional steps would double the time that it needs to respond to Plaintiff's request, *see* Hardy Decl. ¶¶ 25-26, thereby thwarting

FOIA's goals of "efficient, prompt, and full disclosure of information," *August v. FBI*, 328 F.3d 697, 699 (D.C. Cir. 2003).   Where, as here, the request is not made for the purpose of "gain[ing] a tactical advantage over the FOIA requester," it can and should be granted.   *See id.* at 698.

## **CONCLUSION**

For the foregoing reasons, the FBI's Motion For an Order Preserving Certain Exemption should be granted.

June 8, 2016                               Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar No. 415793
United States Attorney
for the District of Columbia

DANIEL F. VAN HORN, D.C. Bar # 924092
Civil Chief

By:     /s/
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.   20530
Telephone: (202) 252-2562

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FOAD FARAHI** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | Civil Action No. 15-2122 (RBW) |
| v. ) | (ECF) |
| ) | |
| **FED. BUR. OF INVESTIGATION.** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

Upon Defendant Federal Bureau of Investigation's (FBI's) Motion For An Order Preserving Certain Exemptions and Memorandum of Points and Authorities in Support thereof and good cause having been shown, it is ordered as follows this _____ day of _____, 2016,

**ORDERED** that FBI's motion is granted; and it is

**FURTHER ORDERED** that FBI may, identify records responsive to Plaintiff's request based on a document-by-document review pursuant to Exemption 7(A), with interim releases of segregable materials every eight (8) weeks to the Plaintiff, and complete processing said records on or before September 1, 2017; and it is

**FURTHER ORDERED** that on or before October 1, 2017, FBI shall file a *Vaughn* Index or declaration and supporting dispositive motion, based on the applicability of 5 U.S.C. § 552(b)(7)(A) to certain records, again, without waiving any allegation that those records are exempt from release for other reasons.

 

                                                                 HON. REGGIE B. WALTON, U.S.D.J.

DATE

**CERTIFICATE OF SERVICE**

      I certify that I caused a copy of the foregoing Defendant's Motion for an Order Preserving Certain Exemptions to be served upon Plaintiff's counsel via ECF.

                                            /s/
                                KENNETH ADEBONOJO
                                Assistant United States Attorney