IN THE UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FOAD FARAHI | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.:   1:15-cv-02122(RBW) |
| | ) | |
| v. | ) | |
| | ) | |
| FEDERAL BUREAU OF INVESTIGATION, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

# <u>EXHIBIT A</u>

LAW OFFICES OF

# KURZBAN KURZBAN WEINGER TETZELI & PRATT, P.A.

PLAZA 2650
2650 S.W. 27TH AVENUE
SECOND FLOOR
MIAMI, FLORIDA 33133

TELEPHONE (305) 444-0060

TELECOPIER
(305) 444-3503

**_Via Email Delivery_** (foiparequest@ic.fbi.gov)

June 28, 2014

Federal Bureau of Investigation
Attn: FOI/PA Request
Record/Information Dissemination Section
170 Marcel Drive
Winchester, VA 22602-4843

10 2 JUL 2014

> **Re:     FREEDOM OF INFORMATION ACT AND PRIVACY ACT REQUEST on
> behalf of:**
> **Mr. Foad Karim Farahi,**
> **DOB: 12/04/1974,**
> **Social Security No. : 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**
> **Alien Number  096-087-879;**[1]
> **POB: Kuwait**
> **Current address: 2681 N. Flamingo Road Apt#S-1006, Sunrise, Fl 33323**

Dear Sir or Madam:

I write to you in connection with my client, Mr. Foad Karim Farahi ("Mr. Farahi"). Our office currently represents Mr. Farahi in his removal proceedings before the immigration court in Miami, Florida. Pursuant to the Freedom of Information Act, I am hereby requesting copies of the complete record contained in your files regarding the above-named individual, including the following:

1.   The name, title, current deployment jurisdiction, and current contact information of the author or authors of the FBI Letterhead Memorandum dated April 24, 2007 (hereinafter "the 2007 Memo") whether from the FBI's Miami and/or Tampa Field Offices, including the Miami Field Office special agent/polygrapher who examined him on November 8, 2004, and those who interviewed him on November 1, 2004, at his residence in Miami Beach, Florida. A courtesy copy of the 2007 Memo has been

---

[1] An Alien Registration Number or Alien Number is "[a] unique seven-, eight- or nine-digit number assigned [by the U.S. Citizenship and Immigration Services ("USCIS")] to a noncitizen at the time his or her A-file is created. The 9-digit [ ] number listed on the front of Permanent Resident Cards (Form I-551) issued after May 10, 2010, is the same as the Alien Registration Number. The A-number can also be found on the back of these Permanent Resident Cards." USCIS Official Website, available at http://www.uscis.gov/e-verify/customer-support/glossary, last accessed June 27, 2014.

June 28, 2014
Page 2

included for your convenience and prompt response to this request. **Exhibit A.**

2. Any and all FBI's FD-302 interview reports, and FD-209 reports regarding Mr. Farahi and any and all confidential informants, taken in connection with Mr. Farahi, any person discussed in any document that has been or will be presented to the immigration court, or any person that will be discussed in the proposed testimony by Supervisory Special Agent Andrew Lenzen ("Special Agent Lenzen"), and/or any other special agents during the course of Mr. Farahi's removal proceedings.

3. The full and complete names and contact information, including, current address and phone numbers of all the confidential informants referred to by the FBI on its 2007 Memo, and identified as C-1, C-2, C-3, C-4, C-5 and the Trinidad and Tobago National interviewed by the FBI in Port of Spain in Trinidad, on November 13, 2003.

4. Any and all evidence and/or information gathered in connection with Mr. Farahi as a result of the FBI's electronic surveillance including but not limited to audio, video, computer, wireless, polygraph examination and/or data network surveillance;

5. Any and all evidence and/or information gathered in connection with Mr. Farahi and his alleged associations with the following organizations in the United States: KindHearts for Charitable Humanitarian Development, Kind Hearts International, the Holy Land Foundation for Relief and Development, and the Global Relief Foundation.

6. Any and all records from other agencies in the possession of FBI whether included in Mr. Farahi's file, such as the U.S. Department of Treasury; the U.S. Citizenship and Immigration Services, the U.S. Immigration and Customs Enforcement, the Internal Revenue Service ("IRS"), and the Florida Department of Highway Safety and Motor Vehicles;

7. All documents maintained by FBI or any other government agency, including the Joint Terrorism Task Force ("JTTF"), that names, mentions, discusses, or addresses in any manner whatsoever Mr. Farahi or persons allegedly associated with him.

8. All documents, pursuant to the Jenks Act, in the FBI's possession regarding Mr. Farahi or any person alleged to have a relationship with him whom the government regards as a terrorist.

9. Any and all exculpatory evidence regarding Mr. Farahi or persons allegedly associated with him.

10. A list of any and all documents released from the FBI to the OCC in Miami, Florida, that names, mentions, discusses, or addresses in any manner whatsoever Mr. Farahi or persons allegedly associated with him.

As you know, the Freedom of Information Act ("FOIA"), as amended, provides that if some part or parts of the file are exempt from release that "reasonable segregable" portions shall be provided. I therefore request that if you determine that some portions of the requested report are exempt, you provide me immediately with a copy of the remainder of the report. I, of course, reserve my right to appeal any such decisions. If you determine that some or all of the file or report is exempt from release, we would appreciate your advising us as to which exemption(s) you believe cover(s) the material which you are not releasing.

We are prepared to pay reasonable costs for locating the requested file and reproducing it. However, please inform me if the estimated fees will exceed $100.00 before processing this

June 28, 2014
Page 3

request. As you know, the amended Freedom of Information Act permits you to reduce or waive the fees that are in the public interest. I believe that this request plainly fits that category.

Please be on notice that the Freedom of Information Act requires you to reply within twenty (20) working days. 5 U.S.C. §552(a)(6)(A)(i). A failure to reply within twenty (20) working days may result in this office initiating legal action, subsequent to administrative appeal, in the United States District Court to obtain the contents of any and all files or information you have concerning the above-named individual. Due to Mr. Farahi's present situation failure to process this request for production of documents and information will impair Respondent's due process rights.

To facilitate the processing of this request and authorize the undersigned counsel and his firm to obtain all the information and/or documentation requested herein, pursuant to the Freedom of Information Act (FOIA), enclosed please find:

**B. Form EOIR-28** (Notice of Entry of Appearance as Attorney), filed with the Immigration Court;
**C. Authorization to Release Information** duly signed by Mr. Farahi;
**D. Form DOJ-361**, duly signed by Mr Farahi;

In the event of questions, please do not hesitate to contact undersigned at 305-444-0060, ext. 233 or by email at decheverry@kkwtlaw.com. Thank you in advance for your prompt attention to this matter.

Sincerely,

David Echeverry, Esq.
KURZBAN KURZBAN WEINGER
TETZELI & PRATT, P.A.

A

May 02 07 01:10p                                                                 p.2



U.S. Department of Justice

Federal Bureau of Investigation

In Reply, Please Refer to                          Miami, Florida
File No.                                           April 24, 2007


FOAD KARIM FARAHI
Date of Birth: December 4, 1974


On April 17, 2003, C-1, reliable source, advised
that FARAHI, approximately 30 years of age is an Egyptian
Muslim Brotherhood (EMB) intelligence officer/recruiter for
the EMB. According to C-1, FARAHI had attempted to recruit C-
1 into EMB, which C-1 turned down.  C-1 stated that FARAHI did
not go into details of the EMB because C-1 denied the
membership.

On October 4, 2003, FARAHI was arrested by the
Florida Highway Patrol in Fort Lauderdale, Florida.  The
charge was a nonmoving traffic violation while driving with a
license suspended resulting in a violation of State of Florida
statute 322.34(5) and charged with a 3rd degree felony.  A
second charge was for nonmoving traffic violation failing to
return driver license or registering when insurance has been
canceled a violation of State of Florida statute 324.201 a 2nd
degree misdemeanor.

On October 23, 2003, FARAHI was arrested by the
Broward Sheriff's Office at the location of 5600 NW 88th
Avenue, Tamarac, Florida, for a traffic violation and was
found guilty for aggravated felony traffic violations.  The
Broward County police report provides his place of employment
and work duration to be Middle East Grocery from June 2003 to
October 2003.

On December 3, 2003, FARAHI was charged for the
above-mentioned traffic violations regarding a State of
Florida charge of 322.34-5.  On December 11, 2003, FARAHI was
convicted for a felony and received one year of probation.

On November 13, 2003, FBI Special Agents interviewed
a Trinidadian national (Trinidadian) at the Trinidad & Tobago
Police Headquarters in Port of Spain, Trinidad.  The
Trinidadian was initially introduced to Adnan Shukrijumah in
1997 at Shukrijumah father's mosque in Miramar, Florida.
Shukrijumah is wanted in connection with possible threats

This document contains neither recommendations nor conclusions of the FBI.  It is the property of the FB
and is loaned to your agency; it and its contents are not to be distributed outside your agency.

May 02 07 01:11p                                                                    p.3

against the United States.  Shukrijumah is possibly involved
with al Qaeda terrorist activities and, if true, poses a
serious threat to U.S. Citizens and interests worldwide.  The
Trinidadian advised during the interview that Shukrijumah
frequented the "Sunrise Mosque" where he became close friends
with a FAURD LNU.  The Trinidadian provided that FAURD LNU was
providing a status report from overseas to Gulshair El
Shukrijumah about his son Adnan.  The Trinidadian described
FAURD LNU as the following:

| | |
|---|---|
| Height: | 5'7" |
| Weight: | 150 lbs. |
| Complexion: | Brown |
| Hair: | Full beard |
| Address: | Broward County |
| Miscellaneous: | Wears glasses, husky voice, very hairy arms |

    FBI Miami has determined the above description to be
accurate in describing FOAD KARIM FARAHI and obtained
information FARAHI and Gulshair El Shukrijumah worked together
at the Shamsuddin Mosque in North Miami Beach.

    On May 7, 2004, C-2 a reliable source attended the
Friday prayer service at the Shamsuddin Masjid, located at 365
NW 163rd Street, Miami, Florida.  The prayer service was led
by Sheikh FUAD Last Name Unknown (LNU).  FUAD (LNU) was born
in Kuwait and went to religious school in Syria.  During his
speech, FUAD (LNU) seemed "pissed off at life."  The FBI
determined FUAD LNU is FARAHI.

    On June 1, 2004, C-3 a reliable source reported
FARAHI conducts a weekly phone call to Kuwait.  Also, FARAHI
is looking to buy land near the Shamsuddin Masjid to build a
mosque.

    FARAHI asked C-3 if he/she was a US citizen and had
a passport.  C-3 responded that he was not and only used his
Lebanese passport.  FARAHI urged C-3 to get a US passport.

    C-3 made a visit to Hollywood Memorial Hospital on
May 31, 2004, after the night service at the mosque to visit
El Shukrijumah (Adnan's father Gulshair).  C-3 went with two
Nigerian men and FARAHI in separate vehicles.  C-3 met with
his two sons at the hospital.  The sons indicated Adnan was in
Morocco but have not heard from him.

2

On July 6, 2004, C-3 advised that FARAHI has a PhD in chemistry from Barry University and that he is thinking about continuing his education in the field of chemistry. FARAHI is not married.  FARAHI is considering buying a building and plot of land on NW 2nd Ave between N Miami Ave and NE 146th St in North Miami Beach, FL.  The price of this property is $375,000 and FARAHI would be paying for it in cash.

Additionally, C-3 advised FARAHI may be coordinating marriage and immigration fraud.  FARAHI had married people the "Muslim way" with no paperwork.  One individual, Hussein LNU, was going to pay $1000 to a woman after the marriage.

On September 16, 2004, according to C-3, FARAHI is still interested in purchasing land of at least one to two acres to build a new mosque.  He mentions that he has at least $125,000 now to pay for it but will not identify where it is or where it comes from.  FARAHI is planning a charity event to gather donations to raise money for the land.

On November 1, 2004, FARAHI was interviewed by FBI Miami Special Agents at his residence located at 168-12 N.E. Fourth Court, North Miami Beach, Florida, telephone number (mobile) 786-200-0258.  FARAHI is the Imam at the Shamsuddin Mosque located at 365 N.E. 167th Street, North Miami Beach, Florida.

FARAHI immigrated to the United States on December 30, 1993, his port of entry was Miami International Airport. FARAHI's immigration privilege was for a student visa.  FARAHI is a citizen of Iran.  FARAHI's parents reside in Kuwait.

In 2002, FARAHI graduated from Barry University with a Chemistry and Biology major.  In 2003, FARAHI received acceptance at Ross University's Medical School in Dominica. FARAHI's father financially supports his academic career. FARAHI's father operates a money exchange business in Kuwait. FARAHI's father name is Karim Parahi and mother's name is Rajaa Hakawati.  FARAHI's father sponsored FOAD's immigration to the United States.

FARAHI was introduced to Jose Padilla, alias Ibrahim, at the end of 1994 at the Darul Uloom Mosque in Pembroke Pines, Florida.  FARAHI was the owner of a restaurant called Chicken Plus located at 13330 West Dixie Highway, Miami, Florida.  Padilla was employed by FARAHI at the Chicken Plus restaurant from 1997 to 1998.  In 1998, Padilla moved to

3

Egypt to meet with Mohammed Youssef.  PADILLA initially was introduced to Youssef at the Nurul Islam mosque.  In 1996, Youssef moved to Egypt.  Youssef was a flight attendant when he was residing in South Florida.  The Chicken Plus restaurant's registered name is Wafae, Inc.  Wafae is the name of FARAHI's sister who resides in Kuwait.

Adham Hassoun used to call Padilla while Padilla was in Egypt.  Hassoun also called another former South Florida resident Adel Abdel Wahab, who moved to Saudi Arabia.  Abdel Wahab worked as a car salesman.

According to FARAHI, Kamal Alnaji, Hassoun, and Padilla discussed supporting Muslims in Bosnia.  Hassoun was an outspoken person but should not be considered a radical.

Farahi when asked by the interviewing agents did not identify any other individuals from Florida who traveled to the Middle East as well as Afghanistan and Pakistan.

FARAHI uses Ali Siadeh's residence address for a permanent address for applying to schools, immigration records, and State of Florida driver's license application.  Siadeh's address is 5337 NW 93rd Terrace, Sunrise, Florida.  FARAHI met Siahdeh at the Sunrise Mosque.  Siadeh is employed at a property appraisal company.  FARAHI has not updated the immigration or State of Florida driver's license records with his current address.

In South Florida there are many members of Islamic sects including from Tabligh Jama'at and Wahabis.  FARAHI could not provide individual members of these sects when asked by the interviewing agents.  FARAHI has never met anyone who has performed jihad.

Kind Hearts International and AHE (Agricultural Health Education) located in Texas have visited the Shamsuddin Mosque to collect money from mosque members for humanitarian efforts.

FARAHI is an adjunct member of the Muslim American Society.  FARAHI does not belong to any other organizations.

FARAHI was not close with Adnan Gulshair El Shukrijumah (Adnan.)  The last time FARAHI observed Adnan was in February 2001.  Adnan used to work at Ashraf Halal Meats on Highway 441.  FARAHI knew Adnan's father Gulshair better than Adnan, although he knew Adnan better than most South

4

p.8

Florida Muslims.  Contradicting his earlier statement, FARAHI provided that he heard through the Muslim community that Adnan traveled to and from Afghanistan.  Other individuals that would have known Adnan were Hassoun, Alnaji, and Ahmad Chaudhary.

FARAHI never received any reports about Adnan El Shukrijumah from him or others since he last saw Adnan. FARAHI never received any information from Gulshair El Shukrijumah about Adnan.

FARAHI has earned $1,000 per month as the Imam of the Shamsuddin Mosque.  FARAHI's accountant Abdulrauf located on 163rd Ave, Miami, Florida, advised FARAHI that he did not need to pay Federal income taxes.  FARAHI has never paid Federal income taxes.  FARAHI paid state sales tax for the Chicken Plus restaurant.  FARAHI has also received a salary from the Nurul Islam Mosque but has never claimed any Federal income taxes.

FARAHI has been arrested for habitual traffic violations in Broward County, Florida, and received a suspended license.

FARAHI uses the following telephone numbers 786-200-0258 and 786-428-0005.

For background purposes, Jose Padilla was arrested May 8, 2002, at O'Hara International Airport in Chicago on a Southern District of New York Material Witness Warrant and transferred to New York; on June 9, 2005, named an Enemy Combatant and transferred to DOD custody in Charleston, South Carolina; on November 17, 2005, indicted in the Southern District of Florida on Material Support to Terrorism charges; on January 4, 2006, ordered transferred from military custody to Florida by the Supreme Court.  Currently held in FDC, Miami in Special Housing Unit.  Padilla is charged with conspiracy to provide material support to terrorists, (Title 18, Sections 2339A and 371); providing material support to terrorists, (Title 18, Section 2339A); and conspiracy to murder, kidnap, and maim individuals in a foreign country, (Title 18, Section 956(a)(1))

Adham Hassoun is currently in Federal custody. Hassoun is charged with conspiracy to provide material support to terrorists, (Title 18,  Sections 2339A and 371); providing material support to terrorists, (Title 18, Section 2339A); and conspiracy to murder, kidnap, and maim individuals in a

5

foreign country, (Title 18, Section 956(a)(1)), as well as three counts of obstruction of immigration proceedings and making false statements to a Federal Official.

Mohammed Youssef a naturalized U.S. citizen, was arrested in May 2001 along with numerous other individuals by the Egyptian authorities for terrorist activity and membership in the Egyptian Islamic terrorist organization Al WA'AD ("the Promise"). In 2002, Youssef was convicted by an Egyptian Military Court and sentenced to seven years confinement.

The United States Department of Treasury provided the charitable organization named KindHearts for Charitable Humanitarian Development (hereafter referred to as KindHearts) in Toledo, Ohio to fill the void created when two Muslim charities (Holyland Foundation for Relief and Development (HLRD) and Global Relief Foundation (GRF)) were closed by, the United States Government and designated as Specially Designated Global Terrorists (SDGT) under Executive Order 13224.

During its existence, KindHearts, under the guise of providing humanitarian relief to the suffering and needy, raised in excess of eighteen million dollars. Of these funds, over seven million was transferred from KindHearts' Corporate Office in Toledo, Ohio, to its overseas offices located in Palestine and Lebanon. Investigation to date indicates that a portion of these funds were used to either directly or indirectly fund organizations controlled by the designated terrorist organization Hamas, or to support the Hamas infrastructure, with the ultimate goal of gaining substance to the Palestinian and Lebanese population in the ongoing "intifada". (Hamas was designated as a Foreign Terrorist Organization (FTO) by the Secretary of State on October 8, 1997 pursuant to Section 219 of the Immigration and Nationality Act (INA), as added by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. On September 23, 2001, when Executive Order 13224 was signed, Hamas was also designated as a Specially Designated Global Terrorist (SDGT) under this order.)

On February 19, 2006, simultaneous to the execution of two Federal Search Warrants at the Corporate Offices of KindHearts and at the residence of Khaled Mohammad Smaili, KindHearts's President and CEO, the Treasury Department's Office of Foreign Assets Control (OFAC) assisted herein, blocked the assets of KindHearts and seized control over the Corporate Offices in Toledo, Ohio. Information provided by

case agents was instrumental to the Treasury Department's
Office of Foreign Assets Control issuing this blocking order
which froze all remaining assets including over a million
dollars in their US bank accounts and prohibited all persons
within the US or US Persons abroad from dealing with the
organization. This OFAC action was taken pending a final
designation order (under Executive Order 13224) which will
designate KindHearts as a Specially Designated Global
Terrorist (SDGT).

On November 8, 2004, FARAHI participated in a
polygraph examination conducted by a certified FBI Miami Field
Office polygrapher who is also a Special Agent. FARAHI was
administered the polygraph consisting of the following
relevant question:

Are you associated with any group that wants to harm
any U.S. interests? (FARAHI's answer - No)

Have you planned with anyone to attack any U.S.
targets or interests? (FARAHI's answer - No)

It was the opinion of the examiner that the recorded
responses are indicative of deception.

FARAHI was interviewed after the deceptive results
of the polygraph by the FBI polygrapher. FARAHI provided the
examiner the following information:

FARAHI advised that he has been involved in fund
raising events for Islamic charities for example Kind Hearts
International (KHI) and Global Relief Foundation (GRF).
FARAHI stated that he first became involved with KHI when he
was a university student and attended the Darul Uloom Mosque
in Pembroke Pines, Florida. FARAHI also stated he disagrees
with the violent activities of terrorist, but believes in
helping their families in the Middle East who live in poverty.
FARAHI stated that he did not agree with jihad in the U.S.
because "in the U.S. you can get caught." He believes that
jihads should target actual combatants and not innocent
people. FARAHI defined combatants as soldiers or enemies of
Islam. FARAHI did not know if said organizations have been or
are involved in anti-U.S. activities or any illegal
activities.

FARAHI stated that he did not believe the U.S. is an
enemy of Islam. He stated that the U.S. invasion of Iraq was
not justified. FARAHI did not respond when asked if he would

7

encourage Muslims to travel to Iraq to fight a jihad against
the U.S.

FARAHI believes jihad against Israelis in Palestine
is justified.  FARAHI supports HAMAS and stated jihad is
justified against police officers and soldiers in Israel and
the Iraqi War.

Regarding Jose Padilla, FARAHI advised that he first
met Padilla at the Darul Uloom Mosque, Pembroke Pines,
Florida.  At the time, FARAHI and Mohammed Youssef were
teaching Arabic and Padilla was one of their students.  Later
FARAHI offered Padilla a job at his fast food chicken
restaurant, Chicken Plus in Miami, Florida.  Padilla worked at
Chicken Plus for about a year.  FARAHI advised that Padilla's
radical Islamic views were influenced and fueled by Youssef.
FARAHI further advised that Padilla's radical talk was
directed at events in Bosnia at the time.  He does not recall
Padilla talking about committing an act of terrorism against
U.S. targets.  FARAHI has not talked to Padilla since he left
for Egypt in 1998.  FARAHI considered Padilla a friend.

Regarding Adnan Shukrijumah, FARAHI stated that he
is acquainted with Shukrijumah through his (Shukrijumah's)
father who was also an imam.  FARAHI stated that he has had
little contact with Shukrijumah.  FARAHI claimed not to have
any knowledge of Shukrijumah's involvement in radical or
terrorist activities.  FARAHI advised of paying for
Shukrijumah's "field trips." The examiner later questioned
FARAHI about his "field trips" comments.  FARAHI explained the
field trips were describing picnics at local mosques.  . . .

FARAHI advised that he belongs to the Muslim
American Society (MAS) based out of Virginia.  FARAHI stated
that MAS promotes Muslim American causes in the United States.
FARAHI denied that MAS is linked to any radical or terrorist
organizations.

FARAHI traveled to Syria from June 1990 to January
1992.  FARAHI left Kuwait to Syria during the first Gulf War.

FARAHI uses the following address as his mailing
address:  5337 NW 93rd Terrace, Sunrise, Florida, 3351.
FARAHI's email address is foadfarahi@yahoo.com.

Per the United States Department of the Treasury the
organisation titled Global Relief Foundation designated this
group as a terrorist financier under Executive Order 13224.

8

Global Relief Foundation and its officers and directors have connections to and have provided support for and assistance to Usama Bin Laden (UBL), al Qaida, and other known groups. Additionally, The Holy Land Foundation for Relief and Development was designated under Executive Orders 13224 and 12947 as a charity that provided millions of dollars and material and logistical suport to Hamas. [WWW.TREAS.GOV]

On 10/20/2006, FBI Miami obtained a Holy Land Foundation For Relief and Development, Coin Box Collection Report.  The report delineated the following:

|  |  |
|---|---|
| Store ID: | 35 |
| Store Name: | Chicken Plus |
| Owner Name: | Foad Karim Farh (sic) |
| Address: | 13300 West Dixie Highway |
| City: | N. Miami |
| State: | FL |
| Zip Code: | 33161 |
| Tel: | (305) 891-5502 |

On December 6, 2004, according to C-3, a reliable source with direct access to FARAHI obtained information that FARAHI as recently bid an additional $10,000 over and above the current bid for this land.  FARAHI is working hard to obtain this plot of land to build a new mosque.

On August 27, 2006, C-4 a reliable source provided a group of Muslims attended a meeting on global terrorism at the Darul Uloom in Pembroke Pines, Florida.  C-4 witnessed for the first time in South Florida that Muslims are starting to hold their Imams and religious leaders accountable for stopping the rhetoric regarding sympathizing with terrorist activities. This meeting was initiated by the recent activities in London, United Kingdom, and the plot to attack airplanes from Heathrow Airport.  Additionally, the meeting members are drafting a letter to Miami's Chapter CAIR to host a meeting of all the Imams in South Florida on September 10, 2006. The purpose of the meeting is to hold CAIR and all South Florida Imams accountable for any sympathy or support of terrorism.

Additionally, the Islamic School of Miami located in Kendall, Florida, held a fund-raiser.  One of the speakers was FARAHI.  During FARAHI's speech he stated that Muslims should not support or worry about the United States.  Instead Muslims should be concerned about Islam and propagating the Islam nation.

9

On December 7, 2006, accoridng to C-5 on Friday, December 1, 2006, C-5 attended prayer session at the Shamsuddin Masjid, Miami, Florida. FARAHI delivered the weekly sermon. FARAHI's sermon was more serious than normal, stating that there are three types of Muslims, those that call themselves Muslim, but whose actions don't support their claim; those that attend prayer once a week, and those that are truly Muslim, both devout in faith and actions. FARAHI also stated that anybody that isn't a Sunni Muslim will go to hell.

On March 1, 2007, C-5, a reliable source with direct access advised FARAHI is a member of the Shamsuddin Masjid Shura Council and has been named the Emir of the mosque.

A State of Florida, Division of Corporations public inquiry listed FARAHI as the registered agent in the following corporations:

Florida Non Profit: CAIR MIAMI CHAPTER INC.

Registered Agent: FOAD FARAHI

Principal Address: 13300 W. Dixie Highway
North Miami FL 33131

Date filed: 11/30/1999

Status: Inactive


Florida Non Profit: WAFAE, INC.

Officer / Director: FOAD FARAHI

Principal Address: 13300 West Dixie Highway
North Miami FL 33131

Date filed: 09/10/1996

Status: Inactive


Florida Limited Liability: AL-HUDA INTERNATIONAL, LLC

Registered Agent: FOAD K. FARAHI

Principal Address: 2055 NE 160th Street
N. Miami Beach FL 33162

10

000000227

B

Filed 3/26/14

U.S. Department of Justice
Executive Office for Immigration Review
*Immigration Court*

OMB#1125-0006

**Notice of Entry of Appearance as Attorney or**
**Representative Before the Immigration Court**

| (Type or print) **NAME AND ADDRESS OF REPRESENTED PARTY** | ALIEN (A) NUMBER (S) (List number(s) of all parties represented in this case.) |
|---|---|

| Foad | K | FARAHI | A 096 087 879 |
|---|---|---|---|
| (First) | (Middle Initial) | (Last) | |

| 2681 N. Flamingo Road | #S-1006 | For disciplinary case, enter docket number. |
|---|---|---|
| (Number and Street) | (Apt. No.) | |

| Sunrise | Florida | 33323 | |
|---|---|---|---|
| (City) | (State) | (Zip Code) | |

**NAME OF ATTORNEY OR REPRESENTATIVE, ADDRESS, FAX & PHONE NUMBERS, & E-MAIL ADDRESS**

David B. Echeverry                      decheverry@kkwtlaw.com

Kurzban, Kurzban, Weinger, Tetzeli & Pratt, P.A. 2650 S.W. 27th Avenue, Suite 200 Miami, FLORIDA 33133

(305) 444-0060        (305) 444-3503        ☐ Check here if new address

Please check one of the following:

☒ I am an attorney eligible to practice law in, and a member in good standing of, the bar of the highest court(s) of the following state(s), possession(s), territory(ies), commonwealth(s), or the District of Columbia (use additional space on reverse side if necessary) and I am not subject to any order disbarring, suspending, or otherwise restricting me in the practice of law (if subject to such an order, explain on reverse).

| Full Name of Court | Bar Number (if applicable) |
|---|---|
| **MINNESOTA SUPREME COURT** | 0390190 |

☐ I am an accredited representative as defined in 8 C.F.R. § 1292.1(a)(4) with the following recognized organization:

☐ I am a law student or law graduate of an accredited U.S. law school as defined in 8 C.F.R. § 1292.1(a)(2).

☐ I am a reputable individual as defined in 8 C.F.R. § 1292.1(a)(3).

☐ I am an accredited foreign government official as defined in 8 C.F.R. § 1292.1(a)(5).

☐ I am a person who was authorized to practice on December 23, 1952, under 8 C.F.R. § 1292.1(b).

I hereby enter my appearance as attorney or representative for, and at the request of, the party named above. I have read and understand the statements provided on the reverse side of this form that set forth the regulations and conditions governing appearances and representation before the Immigration Court. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| SIGNATURE OF ATTORNEY OR REPRESENTATIVE | EOIR ID NUMBER | DATE |
|---|---|---|
| X | SY086746 | 3/26/2014 |

Form EOIR - 28
Rev. Oct. 2013

Indicate type of appearance

☐ Primary Attorney/Representative          ☒ Non-primary Attorney/Representative

☐ On behalf of Attorney _____

I am providing pro bono representation.  Check one: yes ☐   no ☐

## Proof of Service

I (Name) **David B. Echeverry** _____ mailed or delivered a copy of the foregoing Form EOIR-28 on (Date) **03/26/2014**

**333 S. Miami Ave., Second Floor, Miami, FL 33130.**

to the ☒ DHS (U.S. Immigration and Customs Enforcement - ICE) at _____

X _____
Signature of Attorney or Representative

**APPEARANCES** - An appearance shall be filed on a Form EOIR-28 by the attorney or representative appearing in each case before an Immigration Judge (see 8 C.F.R. § 1003.17). When an appearance is made by a person acting in a representative capacity, his/her personal appearance or signature constitutes a representation that, under the provisions of 8 C.F.R. part 1003, he/she is authorized and qualified to represent individuals and will comply with the EOIR Rules of Professional Conduct in 8 C.F.R. § 1003.102. Thereafter, substitution or withdrawal may be permitted upon the approval of the Immigration Judge of a request by the attorney or representative of record in accordance with 8 C.F.R. § 1003.17(b). Please note that appearances for limited purposes are not permitted. *See Matter of Velasquez*, 19 I&N Dec. 377, 384 (BIA 1986). A separate appearance form (Form EOIR-27) must be filed with an appeal to the Board of Immigration Appeals (see 8 C.F.R. § 1003.38(g)).

**AVAILABILITY OF RECORDS** - During the time a case is pending, a party to a proceeding or his/her attorney or representative will be permitted to examine the Record of Proceeding in the Immigration Court having administrative control over the Record of Proceeding, in accordance with the standard procedures of the Court.

**FREEDOM OF INFORMATION ACT** - This form may not be used to request records under the Freedom of Information Act or the Privacy Act. The manner of requesting such records is in 28 C.F.R. §§ 16.1-16.11 and appendices. For further information about requesting records from EOIR under the Freedom of Information Act, see How to File a Freedom of Information Act (FOIA) Request With the Executive Office for Immigration Review, available on EOIRs website at http://www.justice.gov/eoir.

**PRIVACY ACT NOTICE** - The information requested on this form is authorized by 8 U.S.C. §§ 1229a, 1362 and 8 C.F.R. § 1003.17 in order to enter an appearance to represent a party before the Immigration Court. The information you provide is mandatory and required to enter an appearance. Failure to provide the requested information will result in an inability to represent a party or receive notice of actions in a proceeding. EOIR may share this information with others in accordance with approved routine uses described in EOIRs system of records notice, EOIR-001, Records and Management Information System, and Practitioner Complaint-Disciplinary Files.

**CASES BEFORE EOIR** - Automated information about cases before EOIR is available by calling 1-800-898-7180 or (240) 314-1500.

**ADDITIONAL INFORMATION:**

Under the Paperwork Reduction Act, a person is not required to respond to a collection of information unless it displays a valid OMB control number. We try to create forms and instructions that are accurate, can be easily understood, and which impose the least possible burden on you to provide us with information. The estimated average time to complete this form is six (6) minutes. If you have comments regarding the accuracy of this estimate, or suggestions for making this form simpler, you can write to the Executive Office for Immigration Review, Office of the General Counsel, 5107 Leesburg Pike, Suite 2600, Falls Church, Virginia 20530.

Form EOIR - 28
Rev. Oct. 2013

C

# DECLARATION UNDER PENALTY OF PERJURY
## Release of Information

I, Foad Karin Farahi (A#:096-087-879), knowingly, willfully, and voluntarily state as follows:

1.  That my name is Foad Karin Farahi.

2.  That I hereby knowingly, willfully, and voluntarily authorize the Federal Bureau of Investigation (FBI), the United States Department of Justice ("DOJ"), the United States Department of State ("DOS"), the Department of Homeland Security ("DHS"), the Immigration and Customs Enforcement ("ICE"), the Office of the Chief Counsel ("OCC"), the Citizenship and Immigration Services ("CIS"), the Customs and Border Protection ("CBP"), the Executive Office for Immigration Review ("EOIR"), the Immigration Court, the Board of Immigration Appeals ("BIA") and/or any other United States government agency *to release any and all information and/or documentation and/or records which said agencies may have concerning me to my attorneys at Kurzban, Kurzban, Weinger, Tetzeli & Pratt, P.A.*, 2650 S.W. 27th Avenue, 2nd Floor, Miami, Florida 33133; Telephone: 305-444-0060.

*PURSUANT TO 28 U.S.C. § 1746, I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.*

Executed on this __12th__ day of __May_____, 2014.

_____
Foad Karin Farahi

$\mathcal{D}$

**U.S Department of Justice**

## Certification of Identity



FORM APPROVED OMB NO. 1103-0016
EXPIRES 03/31/17

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]   Foad Karim FARAHI

Citizenship Status [2]   Iranian citizen                 Social Security Number [3]   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

Current Address   2681 N. Flamingo Road Apt#S-1006, Sunrise, Fl 33323

Date of Birth   12/04/1974                 Place of Birth   Kuwait (Kuwait City)

## OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

Foad Karim FARAHI                _[signature]_   David B. Echeverry, ESQ. at
                                 Print or Type Name  Korban, Korban, weinger, Tetzeli + Pett
                                 2650 S.W. 27th Ave. #200, miami, FL 33133

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4]   _[signature]_                 Date   06/30/2014

_David B. Echeverry, ESQ._      _06/30/2014_

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

FORM DOJ-361

0 2 JUL 2014

IN THE UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA

|                                         |     |                                       |
| --------------------------------------- | --- | ------------------------------------- |
| FOAD FARAHI                             | )   |                                       |
|                                         | )   |                                       |
|                                         | )   |                                       |
|                                         | )   |                                       |
| Plaintiff,                              | )   | Civil Action No.:   1:15-cv-02122(RBW) |
|                                         | )   |                                       |
| v.                                      | )   |                                       |
|                                         | )   |                                       |
| FEDERAL BUREAU OF INVESTIGATION,        | )   |                                       |
|                                         | )   |                                       |
|                                         | )   |                                       |
| Defendant.                              | )   |                                       |
|                                         | )   |                                       |

# <u>EXHIBIT B</u>

**Sobonya, David P.**

| | |
|---|---|
| **From:** | David Echeverry [DEcheverry@kkwtlaw.com] |
| **Sent:** | Monday, June 30, 2014 1:33 PM |
| **To:** | FOIPARequest |
| **Subject:** | FOIA/PA Request on behalf of Foad Karim Farahi |
| **Attachments:** | FOIA Request FBI 6-30-2014.pdf |

**Importance:**   High

*Via Email Delivery* (foiparequest@ic.fbi.gov)

June 28, 2014

Federal Bureau of Investigation
Attn: FOI/PA Request
Record/Information Dissemination Section
170 Marcel Drive
Winchester, VA 22602-4843

> **Re:  FREEDOM OF INFORMATION ACT AND PRIVACY ACT REQUEST on behalf of:**
> **Mr. Foad Karim Farahi,**
> **DOB: 12/04/1974,**
> **Social Security No. : 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**
> **Alien Number  096-087-879;[1]**
> **POB: Kuwait**
> **Current address: 2681 N. Flamingo Road Apt#S-1006, Sunrise, Fl 33323**

Dear Sir or Madam:

I write to you in connection with my client, Mr. Foad Karim Farahi ("Mr. Farahi"). Our office currently represents Mr. Farahi in his removal proceedings before the immigration court in Miami, Florida. Pursuant to the Freedom of Information Act, I am hereby requesting copies of the complete record contained in your files regarding the above-named individual, including the following:

1.  The name, title, current deployment jurisdiction, and current contact information of the author or authors of the FBI Letterhead Memorandum dated April 24, 2007 (hereinafter "the 2007 Memo") whether from the FBI's Miami and/or Tampa Field Offices, including the Miami Field Office special agent/polygrapher who examined him on November 8, 2004, and those who interviewed him on November 1, 2004, at his residence in Miami Beach, Florida. A courtesy copy of the 2007 Memo has been included for your convenience and prompt response to this request. **Exhibit A.**
2.  Any and all FBI's FD-302 interview reports, and FD-209 reports regarding Mr. Farahi and any and all confidential informants, taken in connection with Mr. Farahi, any person discussed in any document that has been or will be presented to the immigration court, or any person that will be discussed in the proposed testimony by Supervisory Special Agent Andrew Lenzen ("Special Agent Lenzen"), and/or any other special agents during the course of Mr. Farahi's removal proceedings.
3.  The full and complete names and contact information, including, current address and phone numbers of all the confidential informants referred to by the FBI on its 2007 Memo, and identified as C-1, C-2, C-3, C-4, C-5 and the Trinidad and Tobago National interviewed by the FBI in Port of Spain in Trinidad, on November 13, 2003.

0 2 JUL 2014

4. Any and all evidence and/or information gathered in connection with Mr. Farahi as a result of the FBI's electronic surveillance including but not limited to audio, video, computer, wireless, polygraph examination and/or data network surveillance;

5. Any and all evidence and/or information gathered in connection with Mr. Farahi and his alleged associations with the following organizations in the United States: KindHearts for Charitable Humanitarian Development, Kind Hearts International, the Holy Land Foundation for Relief and Development, and the Global Relief Foundation.

6. Any and all records from other agencies in the possession of FBI whether included in Mr. Farahi's file, such as the U.S. Department of Treasury; the U.S. Citizenship and Immigration Services, the U.S. Immigration and Customs Enforcement, the Internal Revenue Service ("IRS"), and the Florida Department of Highway Safety and Motor Vehicles;

7. All documents maintained by FBI or any other government agency, including the Joint Terrorism Task Force ("JTTF"), that names, mentions, discusses, or addresses in any manner whatsoever Mr. Farahi or persons allegedly associated with him.

8. All documents, pursuant to the Jenks Act, in the FBI's possession regarding Mr. Farahi or any person alleged to have a relationship with him whom the government regards as a terrorist.

9. Any and all exculpatory evidence regarding Mr. Farahi or persons allegedly associated with him.

10. A list of any and all documents released from the FBI to the OCC in Miami, Florida, that names, mentions, discusses, or addresses in any manner whatsoever Mr. Farahi or persons allegedly associated with him.

As you know, the Freedom of Information Act ("FOIA"), as amended, provides that if some part or parts of the file are exempt from release that "reasonable segregable" portions shall be provided. I therefore request that if you determine that some portions of the requested report are exempt, you provide me immediately with a copy of the remainder of the report. I, of course, reserve my right to appeal any such decisions. If you determine that some or all of the file or report is exempt from release, we would appreciate your advising us as to which exemption(s) you believe cover(s) the material which you are not releasing.

We are prepared to pay reasonable costs for locating the requested file and reproducing it. However, please inform me if the estimated fees will exceed $100.00 before processing this request. As you know, the amended Freedom of Information Act permits you to reduce or waive the fees that are in the public interest. I believe that this request plainly fits that category.

Please be on notice that the Freedom of Information Act requires you to reply within twenty (20) working days. 5 U.S.C. §552(a)(6)(A)(i). A failure to reply within twenty (20) working days may result in this office initiating legal action, subsequent to administrative appeal, in the United States District Court to obtain the contents of any and all files or information you have concerning the above-named individual. Due to Mr. Farahi's present situation failure to process this request for production of documents and information will impair Respondent's due process rights.

To facilitate the processing of this request and authorize the undersigned counsel and his firm to obtain all the information and/or documentation requested herein, pursuant to the Freedom of Information Act (FOIA), enclosed please find:

**B. Form EOIR-28** (Notice of Entry of Appearance as Attorney), filed with the Immigration Court;
**C. Authorization to Release Information** duly signed by Mr. Farahi;
**D. Form DOJ-361,** duly signed by Mr Farahi;

In the event of questions, please do not hesitate to contact undersigned at 305-444-0060, ext. 233 or by email at decheverry@kkwtlaw.com. Thank you in advance for your prompt attention to this matter.

Sincerely,

### Kurzban Kurzban Weinger Tetzeli & Pratt P.A.
#### David Echeverry

Main Office
2650 S.W. 27th Avenue
Second Floor
Miami, Florida 33133
Tel: 305-444-0060
Fax: 305-444-3503
DEcheverry@kkwtlaw.com

Jacksonville Satellite Office
10752 Deerwood Park
Boulevard South, Suite 100
Jacksonville, Florida 32256
Tel: 904-536-3556
Fax: 904-394-2956

This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender therefore does not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. If verification is required please request a hard-copy version.

David Echeverry, Esq.

---

[1] An **Alien Registration Number or Alien Number** is "[a] unique seven-, eight- or nine-digit number assigned [by the U.S. Citizenship and Immigration Services ("USCIS")] to a noncitizen at the time his or her A-file is created. The 9-digit [ ] number listed on the front of Permanent Resident Cards (Form I-551) issued after May 10, 2010, is the same as the Alien Registration Number. The A-number can also be found on the back of these Permanent Resident Cards." USCIS Official Website, available at http://www.uscis.gov/e-verify/customer-support/glossary, last accessed June 27, 2014.

IN THE UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FOAD FARAHI | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.:   1:15-cv-02122(RBW) |
| | ) | |
| v. | ) | |
| | ) | |
| FEDERAL BUREAU OF INVESTIGATION, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

# <u>EXHIBIT C</u>



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

July 8, 2014

MR. DAVID B ECHEVERRY ESQ
KURZBAN, KURZBAN, WEINGER, TETZELI & PRATT, PA
SECOND FLOOR
2650 S.W. 27TH AVENUE
MIAMI, FL 33133

FOIPA Request No.: 1276672-000
Subject: FARAHI, FOAD KARIM

Dear Mr. Echeverry:

This acknowledges receipt of your Freedom of Information/Privacy Acts (FOIPA) request to the FBI.

☑ Your request has been received at FBI Headquarters for processing.

☐ Your request has been received at the [_____ Resident Agency / _____ Field Office] and forwarded to FBI Headquarters for processing.

☑ We are searching the indices to our Central Records System for the information responsive to this request. We will inform you of the results in future correspondence.

☑ Your request for a fee waiver is being considered and you will be advised of the decision at a later date.

☑ Please check for the status of your FOIPA request at www.fbi.gov/foia by clicking on Check the Status of Your FOIPA Request under Records Available Now located on the right side of the page. Status updates are adjusted weekly. The status of newly assigned requests may not be available until the next weekly update. If the FOIPA has been closed the notice will indicate that appropriate correspondence has been mailed to the address on file.

The FOIPA Request number listed above has been assigned to your request. Please use this number in all correspondence concerning your request. Your patience is appreciated.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FOAD FARAHI | ) |
| | ) |
| | ) |
| | ) |
| Plaintiff, | ) Civil Action No.:   1:15-cv-02122(RBW) |
| | ) |
| v. | ) |
| | ) |
| FEDERAL BUREAU OF INVESTIGATION, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

# <u>EXHIBIT D</u>



U.S. Department of Justice

Federal Bureau of Investigation
Washington, D.C. 20535

August 6, 2014

MR. DAVID B ECHEVERRY ESQUIRE
KURZBAN KURZBAN WEINGER TETZELI & PRATT, PA
SECOND FLOOR
2650 S.W. 27TH AVENUE
MIAMI, FL 33133

FOIPA Request No.  1276672-000
Subject: FARAHI, FOAD KARIM

Dear Mr. Echeverry:

This is in response to your request for a fee waiver for the above referenced Freedom of Information/Privacy Acts (FOIPA) request.  Fee waivers are determined on a case by case basis.  See 5 U.S.C. § 552 (a)(4)(A)(iii).

To be granted a fee waiver or a reduction in fees, two requirements must be satisfied.  First, you must demonstrate that "disclosure of the [requested] information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government."  Second, you must establish that "disclosure of the information . . . is not primarily in the commercial interest of the requester."  See 5 U.S.C. § 552(a)(4)(A)(iii).  The burden is on the requester to show the statutory requirements for a fee waiver have been met.  If these requirements are not satisfied, a fee waiver is unavailable under the statute.

To determine whether disclosure is in the public interest, we consider these factors:  (1) whether the subject of the requested records concerns "the operations or activities of the government;" (2) whether the disclosure is "likely to contribute" to an understanding of government operations or activities; and (3) whether disclosure of the requested information will contribute "significantly" to "public understanding."  See 28 C.F.R. §16.11(k)(2).

If the first requirement has been met, we must then determine whether disclosure of the requested information is primarily in the commercial interest of the requester.  To make this determination, we consider these factors:  (1) whether the requester has a commercial interest that would be furthered by the requested disclosure and (2) whether the magnitude of the identified commercial interest of the requester is sufficiently large, [compared to] the public interest in disclosure, that disclosure is "primarily in the commercial interest of the requester."  See 28 C.F.R. § 16.11(k)(3).  If the requester's commercial interest in disclosure is greater than the public interest to be served, then a fee waiver is not warranted.

We have reviewed the information that you provided in support of your request for a fee waiver and have found that you do not satisfy the first requirement because the information you seek is only pertinent to your client and you failed to show how this information would be of interest to the general public.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html.  Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely.  The envelope and the letter should be clearly marked "Freedom of Information Appeal."  Please cite the FOIPA Request Number in any correspondence to us for proper identification of your request.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA

FOAD FARAHI                                      )
                                                 )
                                                 )
                                                 )
        Plaintiff,                               ) Civil Action No.:   1:15-cv-02122(RBW)
                                                 )
              v.                                 )
                                                 )
FEDERAL BUREAU OF INVESTIGATION,                 )
                                                 )
                                                 )
        Defendant.                               )
_____)

# <u>EXHIBIT E</u>

**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

November 4, 2015

MR. DAVID B ECHEVERRY, ESQUIRE
KURZBAN KURZBAN WEINGER TETZELI & PRATT, PA
SECOND FLOOR
2650 S.W. 27TH AVENUE
MIAMI, FL 33133

FOIPA Request No.: 1276672-000
Subject: FARAHI, FOAD KARIM

Dear Mr. Echeverry:

The purpose of this letter is to advise you of the status of your pending Freedom of Information/Privacy Acts (FOIPA) request at the Federal Bureau of Investigation (FBI).   Your request was assigned to be reviewed by an analyst on October 1, 2015.   The analyst will confirm that all records are responsive to your request and apply exemptions allowed under FOIPA.   If your request is for sensitive national security information, then the records must undergo a systematic declassification review prior to application of FOIPA exemptions.

For questions, or to check the status of your request, visit the www.fbi.gov/foia website. The FOIPA Request Number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.   Your patience is appreciated.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA

FOAD FARAHI                                )
                                           )
                                           )
                                           )
        Plaintiff,                         )  Civil Action No.:   1:15-cv-02122(RBW)
                                           )
        v.                                 )
                                           )
FEDERAL BUREAU OF INVESTIGATION,           )
                                           )
                                           )
        Defendant.                         )
_____)

# **<u>EXHIBIT F</u>**

**U.S. Department of Justice**



**Federal Bureau of Investigation**
*Washington, D.C. 20535*

December 3, 2014

MR. DAVID B ECHEVERRY, ESQUIRE
KURZBAN KURZBAN WEINGER TETZELI & PRATT, PA
SECOND FLOOR
2650 S.W. 27TH AVENUE
MIAMI, FL 33133

FOIPA Request No.: 1276672-000
Subject: FARAHI, FOAD KARIM

Dear Mr. Echeverry:

Reference is made to your Freedom of Information Privacy Acts (FOIPA) request for FBI records concerning FARAHI, FOAD KARIM.   This letter will serve to document your telephone conversation with my representative, Ms. Bronson, on December 3, 2014.

Ms. Bronson explained that your request was currently in the large track of our multi-track backlog of unassigned FOIA requests.   This track contains requests for records in excess of 2,500 pages and assignments from this queue to our FOIA Processing Units are typically delayed for a significant amount of time.   Ms. Bronson indicated that the FBI located approximately 10,750 pages related to your subject and you were offered the opportunity to reduce the scope of your request to accelerate its assignment for processing. You indicated to Ms. Bronson that you would like all responsive files processed at this time.   Also you advised that you were willing to wait to have the files processed.   Your request will remain in the large-track backlog until its assignment to our FOIA Processing Units.

In addition, our fees were discussed and you requested to have your documents placed on CD.   Ms. Bronson explained that your request would be released as interim releases of 500 pages per CD and you agreed to pay all fees associated with your request.

We certainly appreciate your consideration in this matter and solicit your continued patience.

Very truly yours,

David M. Hardy
Section Chief
Record/Information
    Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA

FOAD FARAHI                          )
                                     )
                                     )
                                     )
        Plaintiff,                   )  Civil Action No.:   1:15-cv-02122(RBW)
                                     )
            v.                       )
                                     )
FEDERAL BUREAU OF INVESTIGATION,     )
                                     )
                                     )
        Defendant.                   )
_____)

# <u>EXHIBIT G</u>



**U.S. Department of Justice**

---

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

May 2, 2016

Charles Swift, Esq.
    On behalf of Foad Farahi
Constitutional Law Center for Muslims in America
833 East Arapaho Road, Suite 102
Richardson, Texas 75081

FOIPA Request No.: 1276672-000
Civil Action No.:   15-cv-02122
Subject: FARAHI, FOAD

Dear Mr. Echeverry:

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a.  Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision.  In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely.  The exemptions used to withhold information are marked below and explained on the enclosed Explanation of Exemptions:

|  | Section 552 |  |  | Section 552a |
|---|---|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) |  | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) |  | ☐ (j)(2) |
| ☐ (b)(3) | ☑ (b)(7)(C) |  | ☐ (k)(1) |
| _____ | ☑ (b)(7)(D) |  | ☐ (k)(2) |
| _____ | ☑ (b)(7)(E) |  | ☐ (k)(3) |
|  | ☐ (b)(7)(F) |  | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) |  | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) |  | ☐ (k)(6) |
| ☑ (b)(6) |  |  | ☐ (k)(7) |

63 pages were reviewed and 61 pages are being released.

☐  Document(s) were located which originated with, or contained information concerning, other Government Agency (ies) [OGA].

    ☐  This information has been referred to the OGA(s) for review and direct response to you.
    ☐  We are consulting with another agency.   The FBI will correspond with you regarding this information when the consultation is completed.

☑
    In accordance with standard FBI practice and pursuant to FOIA exemption (b)(7)(E) and Privacy Act exemption (j)(2) [5 U.S.C. § 552/552a (b)(7)(E)/(j)(2)], this response neither confirms nor denies the existence of your subject's name on any watch lists.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.  See 5 U.S. C. § 552(c) (2006 & Supp. IV (2010).  This response is limited to those records that are subject to the requirements of the FOIA.   This is a standard notification that is given

to all our requesters and should not be taken as an indication that excluded records do, or do not, exist. Enclosed for your information is a copy of the Explanation of Exemptions.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.   Your patience is appreciated.

Although your request is in litigation, we are required by 5 § USC 552 (a)(6)(A) to provide you the following information concerning your right to appeal.   You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site:   https://foiaonline.regulations.gov/foia/action/public/home.   Your appeal must be postmarked or electronically transmitted within sixty (60) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

⌐    The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation.   Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s).   Our experience has shown when ident, references usually contain information similar to the information processed in the main file(s).   Because of our significant backlog, we have given priority to processing only the main investigative file(s).   If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☑    See additional information which follows.

Sincerely,

David M. Hardy
Section Chief
Record/Information
    Dissemination Section
Records Management Division

Enclosure(s)

In response to your Freedom of Information/Privacy Acts (FOIPA) request, enclosed is a processed copy of responsive material segregated for release.   To minimize costs to both you and the FBI, duplicate copies of the same document were not processed.   No fees are being assessed at this time.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual  pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service he release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the  person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ