UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FOAD FARAHI,<br><br>      Plaintiff<br><br>      v.<br><br>FED. BUR. OF INVESTIGATION,<br><br>      Defendant. | Civil Action No. 15-2122 (RBW)<br>(ECF) |

**JOINT STATUS REPORT (PROCESSING AND PRODUCTION)**

Foad Farahi ("Plaintiff") and the Federal Bureau of Investigation ("Defendant") (collectively "the parties"), by and through the undersigned counsel, respectfully submit this Status Report pursuant to the Court's Minute Order dated September 27, 2017, requiring that "the parties shall file a joint status report on or before March 25, 2018, regarding the status of review and production in this matter." As the Court is well-aware, this is Plaintiff's action under the Freedom of Information Act, 5 U.S.C. § 552, *et seq*. ("FOIA"). The parties conferred on March 23, 2018, and state their respective positions as follows:

**Defendant's Report**

In support thereof, Defendant states the following regarding processing and production of records in the months since its last report in September 2017. October 2017, 503; November 2017, 503; December 2017, 506; January 2018, 510; February 2018, 510; March 2018, 506. A total of 3,038 pages have been processed since Defendant's last status for a total of 6,193 pages processed so far.

Plaintiff has indicated a dissatisfaction that the processing of records has not necessarily resulted in a corresponding production. Defendant notified Plaintiff that processing of records is not necessarily followed by production when Defendant claims categorical FOIA exemptions. Furthermore, Defendant believes that Plaintiff's concerns are premature and unripe as the production is still on-going and the Plaintiff would be fully acquainted by the time this case gets to the briefing stage, if at all.

**Plaintiff's Report**

Plaintiff agrees with Defendant's summary above regarding the documents processed since the last report to this Court. However, Plaintiff seeks to apprise this Court that Defendant has not *produced* any records to Plaintiff pursuant to its processing, nor has Defendant provided Plaintiff with any information about the documents being withheld, apart from the statutory FOIA exemptions being claimed.

Defendant's "Deleted Page Index Sheets" ("Indexes") provide each document's serial number, page count, and applicable exemptions. The Indexes do not describe, even in general terms, the types or contents of the document. Without further details, Plaintiff is unable to evaluate the applicability of the claimed exemptions to prepare for briefing. "The need for adequate specificity is closely related to assuring a proper justification by the governmental agency."[1] Without such specificity, the burden is placed "on the party seeking disclosure, in clear contravention of the statutory mandate."[2]

Accordingly, Plaintiff states its position that Defendant's Indexes are deficient under *Vaughn v. Rosen*.

---

[1] *Vaughn v. Rosen*, 484 F.2d 820, 827 (D.C. Cir. 1973).
[2] *Id.* at 828.

March 26, 2018                                      Respectfully submitted,

                                        JESSIE K. LIU, DC Bar # 472845
United States Attorney
for the District of Columbia

DANIEL F. VAN HORN, D.C. Bar # 924092
Civil Chief

By:_____/s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. B Civil Division
Washington, D.C.  20530
Telephone: (202) 252-2562

/s/ Charles Swift
CHARLES SWIFT, Esq., D.C. Bar # 987353
Constitutional Law Ctr. for Muslims in America
833 East Arapaho Road, Suite 102
Richardson, Texas 75081
Phone: (972) 914-2507


## CERTIFICATE OF SERVICE

I certify that, on this day, March 26, 2018, I caused a copy of the foregoing Joint Status Report to be served upon Defendant's counsel via ECF.

                                        _____/s/_____
                                        CHARLES SWIFT