UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FOAD FARAHI ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action No. 15-2122 (RBW) |
| v. ) | (ECF) |
| ) | |
| FED. BUR. OF INVESTIGATION, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S REPLY IN OPPOSITION**

The government is correct that it can carry its burden to prove the applicability of the claimed exemption by affidavit. *Ctr. for Nat'l Sec. Studies v. Dep't of Justice*, 331 F.3d 918, 926, 356 U.S. App. D.C. 333 (D.C. Cir. 2003); *see also* 5 U.S.C. § 552(a)(4)(B). Defendant is incorrect, however, in its assertion that the public affidavits submitted in this case are sufficient to satisfy the Court's duty for *de novo* review of the claimed exceptions based on law enforcement exemptions.

"Summary judgment is warranted on the basis of agency affidavits when the affidavits describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Wilner v. NSA*, 592 F.3d 60, 73 (2d Cir. 2009).

In most cases, the government's affidavit might be sufficient, but Plaintiff's case is not most cases. Based on the government's representations, Plaintiff has been under investigation for at least 17 years. That passage of time belies the Defendant government's non-specific claims that release of the materials will jeopardize future proceedings. Further, agents of the government

1

previously indicated to Plaintiff that prosecution was imminent unless he agreed to voluntary deportation. That was more than 15 years ago. The fact that the government has previously sought to use the potential for prosecution of Plaintiff to gain advantage should weigh heavily against continuing to credit the government's representation regarding the true likelihood of any future prosecutions.

Finally, the present case has been pending before this Court for years. In that time, Plaintiff's immigration proceedings have concluded and are now simply awaiting the decision of the administrative judge. Yet the government still claims that Plaintiff's immigration proceedings remain a viable reason for withholding requested documents.

A grant of summary judgment in favor of the government, without requiring it to provide specific explanation for how future proceedings are still viable, effectively gives the government a blank check in every case to simply state that there might be proceedings in the future, and therefore the law enforcement agency records are basically always exempt from disclosure. If Congress had wanted to grant such a broad exemption, it could have done so; it did not.

Plaintiff respectfully submits that this Court should deny the government's motion for summary judgment, absent a full and complete explanation of how any realistic future proceedings would be impacted.

April 30, 2020                              Respectfully submitted,

                                            /s/ *Charles Swift*
                                            CHARLES SWIFT, Esq., D.C. Bar # 987353
                                            Constitutional Law Ctr. for Muslims in America
                                            833 East Arapaho Road, Suite 102
                                            Richardson, Texas 75081
                                            Phone: (972) 914-2507

2

## CERTIFICATE OF SERVICE

I certify that, on this day, April 30, 2020, I caused a copy of the foregoing Reply in Opposition to be served upon Defendant's counsel via ECF.

                                        /s/ *Charles Swift*
                                        CHARLES SWIFT