UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FOAD FARAHI,<br><br>        Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 15-2122 (RBW)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

    The plaintiff, Foad Farahi, brings this civil action against the defendant, the Federal Bureau of Investigation ("FBI"), pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking the release of FBI records related to an FBI memorandum that the government introduced in the course of the plaintiff's immigration removal proceedings. See Complaint for Injunctive Relief ¶¶ 1, 5, 8–13. On October 31, 2019, the defendant, in conjunction with its motion for summary judgment, filed the Defendant's Motion for Leave to Submit Declaration Under Seal and Ex Parte, In Camera in Support [of] Defendant's Motion for Summary Judgment ("Def.'s Mot."), requesting leave to file the declaration of David M. Hardy and its accompanying exhibits ex parte and in camera.

    As to the appropriateness of judicial consideration of sealed, ex parte declarations, the District of Columbia Circuit has explained that

> when an affidavit disclosing information assertedly exempt from production under the FOIA is proffered, we think that the district court—at least as a general matter—is limited to the stark choice of receiving it ex parte and in camera, or receiving it not at all. We have said that the former course should be chosen only where absolutely necessary. That necessity exists when (1) the validity of the

> government's assertion of exemption cannot be evaluated without information beyond that contained in the public affidavits and in the records themselves; and (2) public disclosure of that information would compromise the secrecy asserted.

Arieff v. U.S. Dep't of the Navy, 712 F.2d 1462, 1470–71 (D.C. Cir. 1983) (footnote omitted) (citation and internal quotation marks omitted).  Moreover,

> [c]ase law in this Circuit is clear that when a district court uses an in camera affidavit, it must both make its reasons for doing so clear and make as much as possible of the in camera submission available to the opposing party.  These procedures ensure that the use of such affidavits has the smallest possible negative impact on the effective functioning of the adversarial system.

Armstrong v. Exec. Office of the President, 97 F.3d 575, 580–81 (D.C. Cir. 1996) (citation omitted) (in a case where "the district court judge failed to explain why the use of an in camera affidavit was appropriate and why none of that affidavit could be shared with the appellant," concluding that "the use of the in camera affidavit arguably was error").  And, another member of this Court has insightfully concluded that "where[] . . . a law enforcement agency indicates that no additional information concerning an ongoing investigation may be publicly disclosed without revealing precisely the information that the agency is entitled to withhold under the FOIA, the receipt of in camera declarations is appropriate."  Leopold v. Dep't of Treasury, No. 16-cv-1827 (KBJ), 2017 WL 8222153, at *1 (D.D.C. Aug. 1, 2017) ("find[ing] that [the] [d]efendants have adequately demonstrated the need for in camera review of redacted submissions by representing that redaction of the information that [the] defendants intend to make available for in camera inspection is necessary to prevent interference with Special Counsel Mueller's investigation, and that revealing more about the redacted information on the public record would disclose the very information that [the] [d]efendants seek to withhold").

Here, the Court concludes for the following reasons that it is appropriate to file the Hardy declaration ex parte and under seal.  First, "the validity of the [defendant's] assertion of [E]xemption [7(A)] cannot be evaluated without information beyond that contained in the public affidavits and in the records themselves."  Arieff, 712 F.2d at 1471.  The defendant makes this point by asserting that filing this declaration and its accompanying exhibits ex parte and in camera "is necessary because certain information needed to support the [d]efendant's exemption claims cannot be stated on the public record due to the sensitivity of the information and because the [defendant] is unable to fully justify its position on the public record."  Def.'s Mot. at 1.  Second, "public disclosure of that information would compromise the secrecy asserted."  Arieff, 712 F.2d at 1471; see Def.'s Mot. at 1–2.  Accordingly, it is hereby

**ORDERED** that the Defendant's Motion for Leave to Submit Declaration Under Seal and Ex Parte, In Camera in Support [of] Defendant's Motion for Summary Judgment, ECF No. 36, is **GRANTED**.  It is further

**ORDERED** that the Declaration of David M. Hardy and its accompanying exhibits is **ACCEPTED AS FILED**.

**SO ORDERED** this 21st day of October, 2020.

REGGIE B. WALTON  
United States District Judge